## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY L. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-1209-SAC-KGG |
| | ) | |
| WICHITA STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Anthony Allen has also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3) but **recommends** Plaintiff's claims be **dismissed** for failure to state a viable federal cause of action.

### A.    Motion to Proceed IFP.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 54 and single with no listed dependents.  (Doc. 3, sealed, at 1-2.)  Plaintiff is currently unemployed and lists no prior employers.  (*Id*., at 2-3.)  His lists no income or government benefits other than a modest amount from the City of Wichita house program and food stamps.  (*Id.*, at 4-5.)  He does not own real property or any

2

automobiles.  (*Id.*, at 3-4.)  He lists a no cash on hand.  (*Id.*, at 4.)  He lists no

monthly expenses other than small amounts for  electric and water.  (*Id.*, at 5.)

Plaintiff has filed for bankruptcy.  (*Id.*, at 6.)

The Court finds that, based on the information provided, Plaintiff's access to

the Court would be significantly limited absent the ability to file this action without

payment of fees and costs.  The Court thus **GRANTS** Plaintiff leave to proceed *in

forma pauperis*.  (Doc. 3, sealed.)

**B.    Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma

pauperis* case "at any time if the court determines that . . . the action or appeal –

(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief."  "When a plaintiff is proceeding in forma pauperis, a court has a duty

to review the complaint to ensure a proper balance between these competing

interests."  *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG,

2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is

"the prevention of abusive or capricious litigation."  *Harris v. Campbell*, 804

F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar

language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte*

dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of

a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016).  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury...." *Hall*, 935 F.2d at 1110.  After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that

he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff alleges "racial educational discrimination" by Defendant based on allegedly being dismissed as a student in 2015.  (Doc. 1, at 3.)  It would appear that Plaintiff's Complaint (Doc. 1) is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) as futile because the claims are barred based on the applicable statute of limitations.  *Cf. Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (affirming district court's denial of motion for leave to file a second amended complaint on ground that its amended claims would be futile due to statute of limitations bar).  Generally speaking, there is no "heightened pleading requirement" for a *pro se* plaintiff to anticipate affirmative defenses in his complaint.  *Cf. Jones v. Bock*, 549 U.S. 199, 212–13, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (so holding in context of the screening procedure under the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997e, *et seq.*).  That stated, the Supreme Court has recognized the long-standing rule that "[i]f the allegations ... show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim."  *Id*. at 215, 127 S.Ct. 910; *see also Fratus v. DeLand*, 49 F.3d 673, 674–75 (10th Cir.1995) (district courts have the authority to raise the statute of limitations affirmative defense sua sponte when it is

"clear from the face of the complaint [and is] rooted in adequately developed facts.").

   "The forum state's statute of limitations for personal injury actions governs civil rights claims … ." ***Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.***, 465 F.3d 1184, 1188 (10th Cir. 2006).  Kansas law sets the limitations period at two years.  *Id*. (citation omitted).  The accrual date of a civil rights action, however, "is a question of federal law that is not resolved by reference to state law." ***Wallace v. Kato***, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)  Under federal law, a plaintiff's claim accrues when he has a complete and present cause of action. *Id*.  In general, this occurs "when the plaintiff knows or has reason to know of the injury which is the basis of the action." ***Baker v. Bd. of Regents of State of Kan***., 991 F.2d 628, 632 (10th Cir. 1993).

   Under the circumstances alleged in Plaintiff's Complaint, the Court is confident that Plaintiff was knew or had reason to know of the alleged injury at the time of his allegedly improper dismissal from Wichita State University in 2015. (Doc. 1, at 3.)  Plaintiff also alleges that he contacted WSU's general counsel in June 2021 to inquire whether he could return to the school "after completion of the probation in [sic] September 12, 2017" – almost a full four years ago.  (*Id*., at 5.) Accepting as true all well-pleaded facts and drawing all reasonable inferences in favor of Plaintiff, ***Moore***, 438 F.3d at 1039, the Court surmises that Plaintiff may

not have determined he was barred from returning to WSU until he made this inquiry to the general counsel in June of this year.  (*See* Doc. 1, at 3-5.)  Even so, Plaintiff has failed to provide an adequate excuse as to why this inquiry was not, or could not have been, made in 2017, 2018, 2019, or 2020.  The Court thus **recommends** to the District Court that Plaintiff's claim be **dismissed** as futile based on the expiration of the relevant statute of limitations.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS **RECOMMENDED**, however, to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED**.  The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period

will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 31st day of August, 2021.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

9