IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY L. ALLEN,

        Plaintiff,

  v.                                No. 21-1209-SAC-KGG

WICHITA STATE UNIVERSITY,

        Defendant.

MEMORANDUM AND ORDER

The plaintiff Mr. Allen filed his complaint on August 31, 2021, along with a motion for leave to proceed in forma pauperis. ECF## 1-3. The magistrate judge granted the plaintiff's request to proceed without prepayment of fees. ECF# 5. In the same order, the magistrate judge also reported and recommended that the plaintiff's claim be dismissed as futile based on the expiration of the statute of limitations. ECF# 5, p. 8. As ordered, this report and recommendation was sent by certified mail to the address that the plaintiff provided, and tracking confirms it was received by a person at this address on September 3, 2021. The report and recommendation provided that the plaintiff had fourteen days after service of the same to file any written objections to the magistrate judge's order. *Id*. The order further warned Mr. Allen that his failure to file written objections within the 14-day period would bar review. *Id*. at pp, 8-9. The time for Mr. Allen to file any objection has expired without any filing or response from him.

Notwithstanding the plaintiff's failure to file anything, the court has conducted a de novo review of the matter. The plaintiff's complaint alleges his civil

1

rights were violated in that Wichita State University discriminated against him, an African American student, when it dismissed him from school in 2015 for alleged theft and violation of student code. ECF# 1, p. 3. Later in the complaint, he alleges having administratively exhausted his dismissal claim in June 2021 when he contacted the defendant's general counsel about returning after he had completed his probation in September 2017. ECF# 1, p. 5. The court finds that the plaintiff's complaint alleges a claim only for his 2015 dismissal and that the plaintiff has yet to plead a claim for relief based upon the University's action on any subsequent request for returning to the university. The complaint fails to allege whether the plaintiff did apply for readmission, whether the university formally acted on any such application or request, and what, if any, unlawful actions were taken or resulted from any such request or application.

The statute of limitations applicable to 42 U.S.C. § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). The governing Kansas statute of limitations for civil rights claims under both 42 U.S.C. § 1983 "is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). While Kansas law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id*. (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues

2

when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied*, 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Patton v. Thomas*, No. 21-3147-SAC, 2021 WL 2666790, at *2 (D. Kan. June 29, 2021).

The plaintiff alleges Wichita State University dismissed him in 2015 or more than two years prior to the filing of his complaint. Thus, his claim based only on WSU's 2015 dismissal is time-barred. "A complaint may be dismissed sua sponte under § 1915 based on an affirmative defense—such as statute of limitations—'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Fogle v. Pierson*, 435 F.3d at 1258 (quoting *Fratus v. DeLand*, 49 F.3d 673, 674–75 (10th Cir. 1995)). The burden rests with the plaintiff to establish a factual basis for tolling the limitations period. *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036. 1041 n. 4 (10th Cir. 1980). There are no circumstances on the face of the plaintiff's complaint to support any arguable ground for tolling the limitations period here. Section 1915 dismissal is appropriate for plaintiff's claim for relief based on his 2015 discharge from the university. As stated above, the court construes the plaintiff's complaint to allege only claims based on his 2015 dismissal from the university. The court does not consider the complaint to allege any claim based upon a later application for readmission or request to return to

the University, as the complaint fails to allege facts supporting such a claim and fails to seek any relief based on such action.

Thus, the court accepts the magistrate judge's report and recommendation to the extent of finding that the plaintiff's complaint on its face fails to allege a claim for relief based on his 2015 dismissal from school that is not barred under the governing two-year statute of limitations. And, the court concludes the complaint should be dismissed as stating no claim for relief because the plaintiff's alleged claim is time barred. 28 U.S.C. § 1915(e)(2)(B)(ii) (In *in forma pauperis* cases, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that the court accepts and adopts the magistrate judge's report and recommendation and further finds *de novo* that the plaintiff's complaint shall be dismissed as stating no claim for relief.

Dated this 22nd day of September, 2021, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge